

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00619-CV

**IN THE INTEREST OF T.K.D-H.**, a Child

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-EM5-00646
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed:  July 9, 2014

AFFIRMED

This appeal arises from an order entered following a hearing on an enforcement action filed by the minor child's mother, Lupe, and a suit to modify the parent-child relationship filed by the child's father, Jose.[1]  On appeal, Jose asserts the trial court erred by excluding his expert, excluding two photographs he attempted to admit into evidence, and admitting a video submitted into evidence by Lupe.  Jose also asserts the evidence is legally and factually insufficient to support the trial court's rulings regarding Lupe's exclusive rights.  We affirm.

---

[1] To protect the identity of the minor child, we refer to the child either as "the child" or by her initials, and we refer to the parents by their first names.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(a).

## BACKGROUND

In a February 2005 Order Establishing the Parent-Child Relationship, the trial court appointed Jose and Lupe joint managing conservators of their daughter TKD-H. Lupe was granted, among other exclusive rights, the right to: (1) designate the child's primary residence; (2) consent to medical, dental, and psychiatric, psychological, and surgical treatment; and (3) make decisions regarding the child's education.[2] Subsequently, two other modification orders were entered, the latest on August 18, 2010. Neither subsequent order modified Lupe's exclusive rights.

On August 11, 2011, Lupe filed a Motion for Enforcement alleging possession violations by Jose. On February 22, 2012, Jose filed a Petition to Modify the Parent-Child Relationship, which he later amended in February 2013. Jose alleged Lupe has a history or pattern of family violence, and he asked to be appointed the person who has the right to designate the child's primary residence. Following a bench trial on the motion and petition, the trial court entered an order denying Jose's petition to modify, continued both parents as joint managing conservators, and granted Lupe the same exclusive rights with one change in language. Lupe was granted "the exclusive right to consent to medical, dental, and surgical treatment involving *invasive* procedures.[3] [Emphasis added.] Jose now appeals.

## EXPERT WITNESS

At trial, Jose called Mari Ries to the stand to testify about a "Child Custody Evaluation" she performed for him. Ries testified she was asked to do "a one sided social study," which she

---

[2] The 2005 order's language granting Lupe the exclusive rights to consent to medical and dental care and surgical treatment did not use the word "invasive." However, the rights granted to both parents during the parent's period of possession included "the right to consent for the child to medical and dental care *not involving an invasive* procedure." [Emphasis added.]

[3] Jose retained his right during his period of possession "to consent for the child to medical and dental care not involving an invasive procedure."

explained, meant she interviewed and assessed the situation, interviewed Jose and TKD-H, performed a home visit, and interviewed references. Her evaluation was a written summary of those interviews. When Jose's attorney asked Ries whether she witnessed interaction between Jose and TKD-H, Lupe's attorney interrupted and asked for a date and time period when the interview occurred. Ries responded her home visit occurred on March 9, 2013. Lupe's attorney then objected that Ries's testimony was outside the scope of discovery because the period of discovery ended on February 11, 2013. The trial court sustained the objection, and Ries was excused. In his first two issues on appeal, Jose asserts the trial court erred in excluding Ries and the exclusion amounted to an improper death penalty sanction. We review a trial court's exclusion of evidence for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005) (per curiam) (parental termination case).

The trial court's February 7, 2013, temporary orders extended a previous discovery deadline to February 11, 2013, and set trial to commence on March 4, 2013. On February 11, 2013, Jose served his First Supplemental Responses to [Lupe's] Rule 194 Requests for Disclosure, in which he quoted Texas Rule of Civil Procedure 194.2(f)'s required contents of a testifying expert's disclosure and made the following disclosure:

> SUPPLEMENTAL RESPONSE
> Mari Reis
> 85 NE Loop 410, #319
> San Antonio 78216
> (210) 632-0688

On appeal, Jose asserts that, based on this disclosure, "[t]here is no question that Mari Ries, LPC, was timely designated on February 11, 2013, in accordance with the discovery deadline imposed in the Temporary Order." We disagree because the response only provides part of the information required in Rule 194(f).

Rule 194.2(f) requires the following be disclosed for any testifying expert:

(1) the expert's name, address, and telephone number;
(2) the subject matter on which the expert will testify;
(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:
    (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
    (B) the expert's current resume and bibliography . . . .

TEX. R. CIV. P. 194.2(f).

The purpose of Rule 194.2(f) is "to give the opposing party sufficient information about the expert's opinions to prepare to cross-examine the expert and to prepare expert rebuttal evidence." *Miller v. Kennedy & Minshew, P.C.*, 142 S.W.3d 325, 348 (Tex. App.—Fort Worth 2003, pet. denied). Here, Jose provided Ries's name and contact information, but he did not provide any of the other information required by Rule 194.2(f). Therefore, even if his disclosure was filed on or before the discovery deadline, the disclosure did not comply with the requisites of Rule 194.2(f). *See Bexar Cnty. Appraisal Dist. v. Abdo*, 399 S.W.3d 248, 256-57 (Tex. App.—San Antonio 2012, no pet.) (trial court did not err in excluding expert when District's "disclosure" regarding expert only vaguely stated expert may testify "about what is and what is not useable land and/or what is or is not in the floodplain" "and/or matters associated therewith"); *In re M.H.*, 319 S.W.3d 137, 146 (Tex. App.—Waco 2010, no pet.) (concluding expert should not have been permitted to testify because Department's "disclosure" did "not in any manner identify or disclose: (1) 'the general substance of the expert's mental impressions and opinions'; (2) 'a brief summary of the basis for them' (with regard to [a retained expert]); or (3) documents reflecting such a summary with regard to the non-retained experts").

- 4 -

Jose also asserts Ries was timely disclosed because the trial date was continued; therefore, the discovery deadline was continued. Because the parties indicated discovery would be conducted under Level 2 of Rule 190, Jose relies on Rule 190.3, which provides as follows:

> b) Limitations. Discovery is subject to the limitations provided elsewhere in these rules and to the following additional limitations:
> (1) Discovery Period. *All discovery must be conducted during the discovery period, which begins when suit is filed and continues until:*
>     *(A) 30 days before the date set for trial, in cases under the Family Code*; or
>     *(B) in other cases, the earlier of*
>         *(i) 30 days before the date set for trial, or*
>         *(ii) nine months after the earlier of the date of the first oral*
> deposition or the due date of the first response to written discovery.

TEX. R. CIV. P. 190.3(b) (emphasis added).

According to Jose, the trial was continued from March 4, 2013 to April 29, 2013, and thus, the discovery deadline continued to thirty days before April 29, 2013—April 1, 2013 (the first business day after thirty days). Because Ries was disclosed on February 11, 2013, Jose argues the trial court erred in excluding her as an expert, and instead, should have allowed her to testify to observations she made and about opinions she formed on or before April 1, 2013. Jose contends the supplemental disclosure he served one day late, on April 2, 2013, contained Ries's written evaluation that was completed by March 27, 2013. Jose argues Ries should have been allowed to testify about her observations and opinions even if the report was excluded.

At trial, Jose argued only that the discovery period was shortened, Ries "observe[d] things after the discovery deadline," and she did not complete her study until later. Therefore, Jose did not raise his Rule 190.3 argument before the trial court, and it is not preserved for our consideration on appeal. Accordingly, we consider only whether the trial court erred by not allowing Ries to testify about her observations and opinions formed on or before February 11, 2013.

On appeal, Jose does not indicate what information Ries may have provided that was obtained during the discovery period that ended February 11, 2013. However, the trial court

allowed Ries's report to be included as an offer of proof for our review on appeal. The report indicates Ries's evaluation was based on interviews, home visits, consultations, and reference calls that all occurred between February 28, 2013 and March 26, 2013. Nothing in the report indicates Ries made any observations or formed any opinions prior to the February 11, 2013, discovery deadline.

Discovery that is not timely disclosed and witnesses that are not timely identified are inadmissible as evidence. TEX. R. CIV. P. 193.6(a). Therefore, as of February 11, 2013, Ries was not properly disclosed as a testifying expert because Jose's disclosure did not comply with Rule 194.2(f), and her testimony was inadmissible under Rule 193.6(a). However, testimony that is inadmissible under Rule 193.6 may be introduced into evidence if the court finds that: (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure would not unfairly surprise or unfairly prejudice the other parties. TEX. R. CIV. P. 193.6(a)(1),(2); *Good v. Baker*, 339 S.W.3d 260, 271 (Tex. App.—Texarkana 2011, pet. denied). The burden of establishing good cause or the lack of prejudice or surprise is on the party seeking to call the witness. TEX. R. CIV. P. 193.6(b); *Miller*, 142 S.W.3d at 348.

On appeal, Jose first asserts the trial court should have found that the best interest of the child standard was good cause to allow Ries to testify about her observations and findings contained in her social study report. Jose also contends that a one-day delay in receiving Ries's report (assuming a discovery deadline of April 1, 2013 and he served the report on April 2, 2013) would not cause any surprise or prejudice to Lupe. Lupe responds that these arguments are waived because they were not raised at trial.

At trial, Jose's attorney stated as follows:

> Your Honor, that doesn't mean that she didn't observe things after the discovery deadline. She did provide a summary of her report to opposing counsel.
>
> . . .

> Your Honor, she was designated, however, it was [a] shortened discovery period and she didn't complete the study until after the date of the study [sic].

We conclude appellant's good cause or lack of surprise/prejudice arguments were not raised before the trial court, and providing the summary of Ries's report to opposing counsel was not sufficient to raise the arguments. Thus, these arguments are not preserved for our review on appeal. *See* TEX. R. APP. P. 33.1(a).

Finally, we address Jose's argument that the trial court's ruling amounted to an "unfair" death penalty sanction. Texas Rule of Civil Procedure Rule 215.2(b) expressly authorizes "death penalty" sanctions, including "an order disallowing any further discovery of any kind or of a particular kind by the disobedient party." TEX. R. CIV. P. 215.2(b)(1). "Depending on the circumstances, an order excluding essential evidence may constitute a death penalty sanction." *In re M.J.M.*, 406 S.W.3d 292, 297 (Tex. App.—San Antonio 2013, no pet.). Sanctions for discovery abuse serve three purposes: (1) to secure compliance with the discovery rules; (2) to deter other litigants from similar misconduct; and (3) to punish violators. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992). Notwithstanding these purposes, discovery sanctions must be "just." *Id.*; TEX. R. CIV. P. 215.2(b).

The record does not support Jose's argument. The trial court stated, "In terms of the objection that is on the floor, I'm going to sustain the objection." The court's ruling was limited to the exclusion of Ries's testimony based on Jose's failure to properly designate her as a testifying expert. "The exclusion of a witness under Rule 193.6(a) based on an untimely designation is a matter of admissibility rather than a sanction for discovery abuse under Rule 215.2." *In re J.A.M., Jr.*, No. 04-11-00165-CV, 2012 WL 1648215, at *5 (Tex. App.—San Antonio May 9, 2012, pet. denied) (mem. op.).

Where, as here, the trial court applies Rule 193.6's principle of automatic exclusion to an undesignated witness, and no basis for applying an exception is argued to the court, we cannot say the court abused its discretion in following the rule's mandate. Accordingly, we conclude the trial court did not err in excluding Ries.

## EXCLUSION OF PHOTOGRAPHS

At trial, Jose attempted to introduce into evidence two photographs that allegedly showed injuries to TKD-H. Lupe's attorney objected that he had not seen the photographs because they were not produced in discovery. On appeal, Jose again asserts the best interest of the child should trump discovery rules.[4]

Trial in this case commenced on April 29, 2013, and Jose testified one of the photographs was taken in August 2011. Jose's attorney stated he "thought that [the photographs] had been given to" Lupe's attorneys. On this record, we cannot conclude the trial court abused its discretion in excluding the two photographs from evidence.

## VIDEO ADMITTED INTO EVIDENCE

At trial, Jose testified that, on August 4, 2012, Lupe and her husband came to his house to pick up TKD-H. Jose said he was not expecting them, and when he opened the door, Lupe and her husband "very aggressively walked in and started yelling for [TKD-H]." Jose said Lupe was yelling and threatening him, and Lupe's husband was video-recording with his phone. Jose activated the panic alarm to his house, and the police arrived. When asked at trial about the report

---

[4] At trial, Jose's attorney argued it was in the best interest of the child to look at the photographs and admit them into evidence. The trial court responded, "Listen, I grant you the best interest of the child generally trumps, but [Jose has] told us about the photographs. He described the photographs. He described the injuries. Why weren't they tendered in discovery? Give me a good reason and I will let them in; otherwise, I'm not going to let the best interest trump everything if you simply avoided discovery rules. That doesn't seem fair at this point."

he made to police that this was a "home invasion," Jose admitted he was upset at the time and when he calmed down, he realized they "very aggressively just walked in."

During her testimony, Lupe offered into evidence the video to prove that she did not forcefully enter Jose's home, or cause or threaten injury to him. Jose's attorney objected on the grounds that the video depicted only a portion of what happened, it showed only a wall and "self-serving statements," and was misleading. The trial court overruled the objection.

We will assume, without deciding, that the trial court erred in admitting the video. Therefore, we next examine the entire record to assess the harm caused by any error. *See Cortez v. HCCI-San Antonio, Inc.*, 131 S.W.3d 113, 119 (Tex. App.—San Antonio 2004), *aff'd*, 159 S.W.3d 87 (Tex. 2005). To reverse a judgment based on the erroneous admission of evidence, a party must show that the error was reasonably calculated to, and probably did, cause the rendition of an improper judgment. *Id.*; TEX. R. APP. P. 44.1(a)(1); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). "A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted." *Alvarado*, 897 S.W.2d at 753-54; *Cortez*, 131 S.W.3d at 119 (holding, "excluded evidence must be controlling on a material issue and not cumulative").

On appeal, Jose states that admitting the video subsequently caused the rendition of an improper judgment. Both parties testified about the events of August 4th; therefore, even if the video was misleading, the trial court, as the fact-finder, was the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). On the record before us, we cannot determine that any such error caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1).

## SUFFICIENCY OF THE EVIDENCE

In the February 2005 order, the trial court granted Lupe, among other exclusive rights, the right to: (1) designate the child's primary residence; (2) consent to medical, dental, and psychiatric, psychological, and surgical treatment; and (3) make decisions regarding the child's education. These rights were not modified in two subsequent modification orders. In his petition to modify, Jose asked that he be appointed as the person with the right to designate TKD-H's primary residency. The trial court denied his petition.

In his final issue on appeal, Jose asserts the evidence is legally and factually insufficient to support the trial court's granting Lupe the exclusive right to: (1) designate the child's primary residence; (2) consent to invasive medical, dental, and surgical treatment, and psychiatric and psychological treatment; and (3) make decisions regarding the child's education.

### A.      Standard of Review

A trial court may modify conservatorship of a child if (1) the circumstances of the child, a conservator, or other party affected by the existing conservatorship order have materially and substantially changed since the rendition of the existing order; and (2) the modification is in the child's best interest. TEX. FAM. CODE ANN. § 156.101(a)(1)(A). The party seeking modification has the burden to establish these elements by a preponderance of the evidence. *Zeifman v. Michels*, 212 S.W.3d 582, 589 (Tex. App.—Austin 2006, pet. denied). To prove a material change of circumstances has occurred, a movant must show the conditions as they existed at the time of entry of the prior order. *In re T.W.E.*, 217 S.W.3d 557, 559 (Tex. App.—San Antonio 2006, no pet.). Once such conditions have been established, the movant must show what material changes have occurred in the intervening period. *Id.* In other words, "the record must contain both historical and current evidence of the relevant circumstances," otherwise "the court has nothing to compare and cannot determine whether a change has occurred." *Zeifman*, 212 S.W.3d at 594 n.1.

In family law cases, issues such as conservatorship, visitation, or child support are evaluated against an abuse of discretion standard. *Grayson v. Grayson*, 103 S.W.3d 559, 561 (Tex. App.—San Antonio 2003, no pet.). When an appellant challenges the legal and factual sufficiency of the evidence in cases where the proper standard is abuse of discretion, we engage in a two-prong analysis: (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in its application of discretion. *Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no pet.). In determining whether the trial court had sufficient information, we use the traditional standards of review for legal and factual sufficiency. *Id.*

When, as in this case, a party challenges the legal sufficiency of an adverse finding on which he had the burden of proof, he must demonstrate on appeal that the evidence conclusively established the facts in his favor as a matter of law. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). We first examine the record for evidence to support the finding. *Hunter v. PriceKubecka, PLLC*, 339 S.W.3d 795, 807 (Tex. App.—Dallas 2011, no pet.). If there is no evidence to support the finding, we then examine the entire record to determine if the contrary position is established as a matter of law. *Id.* We indulge every reasonable inference to support the judgment, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller*, 168 S.W.3d at 822. When a party attacks the factual sufficiency of an adverse finding on an issue on which he has the burden of proof, he must demonstrate on appeal the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem.*, 46 S.W.3d at 242. We must consider and weigh all of the evidence; we can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986).

**B.      Analysis**

With the exception of adding that Lupe had the right to consent to invasive medical, dental, and surgical procedures, the trial court did not modify the exclusive rights granted to Lupe. Instead, the court denied Jose's petition to modify.  On appeal, Jose does not address whether (1) the circumstances of the child, a conservator, or other party affected by the existing conservatorship order have materially and substantially changed since the rendition of the existing order; or (2) the modification is in the child's best interest.  Jose asserts the evidence is insufficient to support the trial court's finding that Lupe should be granted the challenged exclusive rights.

In a modification suit, the threshold inquiry is whether the moving party has met the burden of demonstrating a material and substantial change in circumstances.  *In re T.M.P.*, 417 S.W.3d 557, 563 (Tex. App.—El Paso 2013, no pet.).  On appeal, Jose has not challenged the trial court's implied finding that there has been no material or substantial change, nor has he demonstrated that a material and substantial change was conclusively established as a matter of law.  *See Dow Chem.*, 46 S.W.3d at 241.  Also, he has not demonstrated on appeal that an implied finding of no material and substantial change of circumstance is against the great weight and preponderance of the evidence.  *Id.* at 242.  Therefore, we conclude Jose has not satisfied his burden on appeal.  Absent evidence of a material and substantial change of circumstances, the court does not reach the question of what is in the child's best interest.

**CONCLUSION**

We overrule Jose's issues on appeal and affirm the trial court's order.

Sandee Bryan Marion, Justice