**Opinion filed July 20, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00025-CV
_____

## IN THE INTEREST OF K.R.G., JR., A CHILD

### On Appeal from the 326th District Court
### Taylor County, Texas
### Trial Court Cause No. 7719-CX

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court, based upon the jury's verdict, terminated the parental rights of the mother and the father of K.R.G., Jr. Both parents timely filed a notice of appeal. On appeal, the mother presents five issues in which she challenges the legal and factual sufficiency of the evidence to support termination and one issue in which she complains of the trial court's failure to exclude the testimony of an expert witness who was not properly disclosed prior to trial. The father presents four issues in which he challenges the legal and factual sufficiency of the evidence. We affirm.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2015). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001(b).

After being instructed in accordance with Section 161.001(b), the jury answered two questions posed in the trial court's charge to the jury; the jury determined that the parental rights of both parents should be terminated. The trial court found that the mother and the father had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (N), and (O). Specifically, the trial court found that each parent had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child, that each parent had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well-being of the child, that each parent had constructively abandoned the child, and that each parent had failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child, who had been in the managing

2

conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of the parents' parental rights would be in the best interest of the child.

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Analysis*

The record shows that the Department first became involved with the child in this case in January 2014 when the Department received an intake report for neglectful supervision that related to the mother's drug use and mental health. The Department began family-based safety services, but the mother did not do well in these services. She continued to abuse methamphetamine, and she lied about where she and the child were living. In July, the Department received another intake when the mother and a person with whom she was staying were involved in a physical

3

altercation while the child was present. That intake involved the mother's use of methamphetamine. The mother and the child went to a shelter, but about a month later, the Department received another call related to the mother and the child. The mother had no place to stay at that time. Largely due to the mother's continued drug use, the child was removed and placed into foster care. At the time of the removal, the child was five years old.

After removal, the trial court ordered both parents to comply with the Department's service plan and notified them that full compliance was necessary for them to obtain the return of the child. The mother did not cooperate. She failed to obtain stable housing, maintain employment, obtain a psychological evaluation, or complete counseling. She also continued to abuse methamphetamine and other drugs and was arrested for and convicted of theft while the termination proceeding was pending.

The father was incarcerated during the Department's involvement in this case. He had been convicted of the offense of possession of cocaine with the intent to deliver and had been incarcerated for that offense since the child was two months old. He remained incarcerated at the time of trial. The father failed to complete the services that were available to him in prison.

The evidence at trial showed that the parents admittedly did not complete the court-ordered services. In her fourth issue, the mother argues that, even though she failed to fully comply with the trial court's order, the Department failed to present clear and convincing evidence to support the trial court's finding under Section 161.001(b)(1)(O). The mother asserts that the finding cannot be upheld because she "was continually working on various aspects of the plan." We note that the statute does not provide a means for evaluating partial or substantial compliance with a plan. *In re S.Y.*, 435 S.W.3d 923, 928 (Tex. App.—Dallas 2014, no pet.). Nor does the statute "make a provision for excuses" for a parent's failure to comply

4

with the court-ordered services. *In re J.S.*, 291 S.W.3d 60, 67 (Tex. App.—Eastland 2009, no pet.) (quoting *In re T.N.F.*, 205 S.W.3d 625, 631 (Tex. App.—Waco 2006, pet. denied)).  Although the mother did comply with some portions of the trial court's order, the evidence shows, among other things, that she continued to abuse drugs and failed to maintain stable housing.  Thus, there was clear and convincing evidence that the mother failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of K.R.G., Jr.

In his third issue on appeal, the father argues that the trial court's finding under subsection (O) cannot be upheld because the Department failed to prove by clear and convincing evidence that the child was removed due to abuse or neglect on his part. We disagree.  The parent who fails to comply with a court order as required by subsection (O) need not be the same parent whose abuse or neglect triggered the child's removal.  *In re D.R.J.*, 395 S.W.3d 316, 320 (Tex. App.—Fort Worth 2013, no pet.).  To comply with subsection (O), the Department need not prove actual abuse or neglect of the child.  *In re E.C.R.*, 402 S.W.3d 239, 248 (Tex. 2013).  The court in *E.C.R.* held that "abuse or neglect" as used in subsection (O) "necessarily includes the risks or threats of the environment in which the child is placed" and, thus, "includes the harm suffered or the danger faced by other children under the parent's care."  *Id.*  Based upon the supreme court's interpretation of the words "abuse or neglect" as used in subsection (O), we hold that the child was removed for "abuse or neglect."  *See id.*  Thus, both parents were required to comply with the provisions of the trial court's order and the family service plan, which specifically established the actions necessary for the parents to obtain the return of the child.  *See id.*; *In re D.R.A.*, 374 S.W.3d 528, 532 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

The record contains clear and convincing evidence that both parents failed to comply with the provisions of a court order that specifically established the actions

necessary for them to obtain the return of the child, who had been in the conservatorship of the Department for more than nine months and had been removed due to abuse or neglect. Clear and convincing evidence also reflected that the child had been removed due to abuse or neglect, or the risk thereof, and that he had been in the care of the Department for well over nine months. Consequently, we hold that the evidence is legally and factually sufficient to support the trial court's finding as to each parent under Section 161.001(b)(1)(O).

We overrule the legal and factual sufficiency complaints presented by the mother in her fourth issue and the father in his third issue. Because we find the evidence sufficient to support termination of the parents' parental rights under subsection (O), we need not reach the issues in which they challenge the sufficiency of the evidence to support termination under subsections (D), (E), or (N).[1] *See* TEX. R. APP. P. 47.1. A finding that a parent committed any one of the acts under Section 161.001(b)(1)(A)–(T) is sufficient to support termination as long as termination is in the child's best interest.

In the mother's fifth issue, she challenges the trial court's finding that termination of her parental rights would be in the best interest of the child. The record shows that, when given the opportunity, the mother regularly attended her scheduled visitations with the child. The mother loved the child, and they had a bond.

The record also reflects that the child had lived in a stable home with the same foster parents for almost fifteen months prior to trial. By all accounts, the child had developed a strong bond with his foster family and was doing phenomenally well in that home. The child was part of the foster family, thought of them as his family, and wanted to be called by their last name and to stay with them.

---

[1]Thus, we need not address the mother's first, second, and third issues or the father's first, second, and fourth issues.

The mother did not dispute that the foster parents were an appropriate placement for the child, but the mother loved the child, had a bond with him, and did not want her rights terminated because of her bad choices. The Department's goal for the child was for him to remain in the home with his foster parents and to be adopted by them. The foster parents have expressed a desire to adopt the child. The Department's conservatorship supervisor testified that termination of both parents' rights would be in the child's best interest, and the child's attorney and guardian ad litem argued similarly during her closing argument. Other testimony indicated that it would not be in a child's best interest to be in the care of a parent with a methamphetamine addiction.

The mother had a long-term drug addiction, failed to stay for more than a few days in inpatient treatment, and consistently returned to methamphetamine use while this case was pending. The testimony at trial indicated that the mother did not have stable housing or a stable source of income and that she was not able to provide for the child's needs. We note additionally that the trier of fact is the sole judge of the credibility of the witnesses at trial and that we are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573.

Based upon the *Holley* factors and the evidence in the record, we cannot hold that the best interest findings are not supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. The trier of fact could reasonably have formed a firm belief or conviction that it would be in the child's best interest for the mother's parental rights to be terminated. We hold that the evidence is both legally and factually sufficient to support the best interest finding. The mother's fifth issue is overruled.

In her final issue, the mother asserts that the testimony of two expert witnesses should have been excluded because the Department failed to properly disclose all of

the information required by TEX. R. CIV. P. 194.2(f). Discovery that is not timely disclosed and witnesses that are not timely identified are inadmissible as evidence unless the trial court finds (1) that there was good cause for the failure to timely make, amend, or supplement the discovery response or (2) that the failure would not unfairly surprise or unfairly prejudice the other parties. TEX. R. CIV. P. 193.6(a). The record indicates that, with respect to these two expert witnesses, the Department did not fully comply with Rule 194.2(f). At a hearing prior to trial, the trial court ruled that the experts' testimony was admissible with respect to the mother, overruled her objection, and found that the testimony of the experts would not constitute unfair surprise. The record supports the trial court's finding. In response to the trial court's questions at the pretrial hearing, the mother's attorney stated that she was not surprised by either witness and agreed that their information had been provided to her. Consequently, we cannot hold that the trial court erred by failing to exclude the experts. *See In re T.K.D-H.*, 439 S.W.3d 473, 478–79 (Tex. App.— San Antonio 2014, no pet.); *Good v. Baker*, 339 S.W.3d 260, 271 (Tex. App.— Texarkana 2011, pet. denied); *see also* TEX. R. CIV. P. 193.6(a)(2). We overrule the mother's sixth issue.

## This Court's Ruling

We affirm the trial court's order of termination.

JOHN M. BAILEY

July 20, 2016                                              JUSTICE

Panel consists of: Wright, C.J.,
Bailey, J., and Countiss.[2]

Willson, J., not participating.

_____

[2]Richard N. Countiss, Retired Justice, Court of Appeals, 7th District of Texas at Amarillo, sitting by assignment.

8