**Opinion issued July 22, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00605-CV

————————————

**ANTONIO HENRIQUEZ, Appellant**

**V.**

**JABARI BURTON, Appellee**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-00627**

---

## MEMORANDUM OPINION

This appeal arises from a lawsuit filed by appellant Antonio Henriquez against appellee Jabari Burton, in which Henriquez claimed that a December 18, 2017 automobile accident in which both were involved was the result of Burton's negligence. After a one-day trial, a jury apportioned fault evenly between

Henriquez and Burton and awarded Henriquez $2,750 for his past physical pain. The trial court's judgment reduced that award to $1,375 based on the jury's proportionate responsibility finding.

On appeal, Henriquez claims that the trial court erred in prohibiting a chiropractor who treated Henriquez from giving expert opinions during his testimony. Because the trial court's ruling was not an abuse of its discretion, we affirm.

## Background

Henriquez filed suit against Burton on January 3, 2019. Burton filed his original answer on February 8, 2019. The trial court's expert designations deadline was June 15, 2020. The case was tried to a jury on March 30, 2023.

### A.    June 15, 2020 filing

On June 15, 2020, Henriquez filed in the trial court a document titled "Plaintiff's Designation of Expert Witnesses." In the document, Henriquez lists certain "physicians, health care providers, custodians of records for physicians, and custodians of records for health care providers" who were involved in his care and treatment. Henriquez lists seven medical professionals by name and also categories of employees of six different healthcare entities (e.g., "custodians of medical and billing records" and "any and all medical providers, paramedics, EMT's [sic], nurses, medical assistants, etc."). In most of his representations about the persons

2

listed, Henriquez does not differentiate among the persons other than on a categorical basis. For example, Henriquez states in the document that:

- "The following physicians, health care providers, custodians of records for physicians, and custodians of records for health care providers, have been involved in the care and treatment of Plaintiff."

- "The above-listed healthcare providers and staff . . . are also expected to testify that the medical treatment[s] received by Plaintiff for those injuries were reasonable and necessary and that the charges for such treatment[s] were reasonable and customary for such services provided in the area."

- "All medical personnel are expected to testify regarding their education, experience, and credentials as physicians or healthcare providers and are expected to testify about any healthcare or medical issues within his/her area of expertise."

The June 15, 2020 document includes the following undated Certificate of Service:

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above instrument was served on all parties and/or counsel of record in accordance with the Texas Rules of Civil Procedure on the ___ day of June, 2020

*VIA ESERVICE*
W. Shane Osborn
Christopher A. Grimm
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street, 20th Floor
Houston, Texas 77002

**ATTORNEY FOR DEFENDANT**

_____
Daniel K. Dinneen

---

**B.    March 29, 2023 hearing**

At a pretrial conference on March 29, the trial court heard Burton's objections to Henriquez's proposed trial witness list, which included a physician, Reid Singleton, and a chiropractor, Luan Nguyen. Drs. Singleton and Nguyen are two of the seven medical professionals listed by name on Henriquez's June 15, 2020 filing.

The parties disputed whether Henriquez's counsel had timely disclosed Drs. Singleton and Nguyen as expert witnesses. Henriquez's counsel identified the June 15, 2020 filing as Henriquez's expert witness designations, and referenced documents that he claimed evidenced service on Burton's counsel. Burton's counsel denied receiving a copy of the filing and argued that there was no evidence of service.

In making their arguments, the attorneys referenced three exhibits (Reporter's Record 1-3) and a "screenshot":

- Reporter's Record 1 appears to be an e-filing receipt for the June 15, 2020 filing showing service on four individuals, including Luke Carrabba.[1]

- Reporter's Record 2 is referenced during the hearing but it is unclear if it is part of the record.

---

[1]    As shown above, the certificate of service for the June 15, 2020 filing states that the filing was served on W. Shane Osborn and Christopher A. Grimm at Martin, Disiere, Jefferson & Wisdom, LLP. Those names do not appear on Reporter's Record 1.

4

- Reporter's Record 3 is an August 9, 2022 notice of appearance and designation of lead counsel for the attorney who served as Henriquez's lead counsel at trial.

- The screenshot appears to be an undated screenshot from the txcourts.gov website showing a list of service contacts for the case, including the contacts' email addresses.

### 1. Henriquez's evidence of service

Henriquez's counsel argued that Henriquez had timely filed his expert designations on June 15, 2020. He pointed to Reporter's Record 1 as proof that the June 15, 2020 filing was served that same day on Luke Carrabba, and to the screenshot as evidence that Luke Carrabba's email address was eservice@mdjwlaw.com—i.e., an email address belonging to the law firm (Martin, Disiere, Jefferson & Wisdom, LLP (MDJ&W)) representing Burton. Henriquez's counsel did not dispute Burton's counsel's assertion that Luke Carrabba has never been an attorney at MDJ&W, but argued: "So the name was improperly put on there, but it still routes to [MDJ&W's] e-service."

### 2. Burton's evidence of non-service

Burton's counsel argued that the expert witnesses on Henriquez's trial witness list were never disclosed. He claimed to have received the June 15, 2020 filing for the first time on March 28, 2023, and noted that the certificate of service for the filing is undated. He stated that Luke Carrabba had never been an attorney at MDJ&W, and that the other names on Reporter's Record 1 were also not Burton

representatives. With regard to the screenshot showing Luke Carrabba as having the email address eservice@mdjwlaw.com, he noted first that the service contacts list in the screenshot includes the names of some MDJ&W employees, none of whom appeared on Reporter's Record 1. Second, he noted that the screenshot includes Henriquez's lead counsel's name even though, according to Reporter's Record 3, that attorney first appeared in the case more than two years after the June 15, 2020 filing. Burton's counsel argued that the screenshot was thus untrustworthy as evidence of Henriquez's claimed June 15, 2020 service on MDJ&W.

### 3. Henriquez's counsel's representation regarding Drs. Singleton and Nguyen

After stating that it would "get to the bottom" of the service dispute, the trial court asked Henriquez's counsel whether Henriquez had made any disclosures beyond those he claimed to have made in the June 15, 2020 filing. Henriquez's counsel responded that he had not. The trial court replied: "Okay. So the Court will review and see if they were, in fact, disclosed, but even if they were, then you have an issue with providing what the rule requires for experts if you're stating you've never done that."

The trial court then asked Henriquez's counsel: "[H]ow many experts are there?" Henriquez's counsel responded: "That are testifying would only be two. . . . But they were provided with the medical records and kind of the request

6

for disclosure just a general sense that, you know, that they are the treating providers." The trial court then asked: "Okay. So these are only fact witnesses, the treating physicians? They are not experts in any other contexts?" Henriquez's counsel confirmed that was correct and identified the two witnesses as Drs. Singleton and Nguyen. Burton's counsel noted that Henriquez had timely disclosed the two as fact witnesses, but alleged that Henriquez had not timely designated them as expert witnesses.

The court then asked Henriquez's counsel: "Do you plan to treat them as experts or fact witnesses and we can cut down a lot of this?" Henriquez's counsel responded: "As fact witnesses." Burton's counsel interjected: "Then I have no issue, your Honor. If they are simply fact witnesses on what treatment they provided, I have no issue." The trial court added: "Okay. All right. As long as to the extent that they are fact witnesses, treating doctors, but not experts, then we don't have an issue."

## C.    Trial

At trial the next day, Henriquez called Dr. Nguyen as his first witness. Consistent with Henriquez's counsel's representation that Dr. Nguyen would testify only as a fact witness, the trial court instructed Dr. Nguyen that he was there to testify solely as a fact witness regarding his treatment of Henriquez and not to provide any opinion testimony.

Despite Henriquez's counsel's prior representation to the trial court that Dr. Nguyen would testify only as a fact witness, the attorney conducting the direct examination of Dr. Nguyen at trial repeatedly asked Dr. Nguyen his opinion regarding the cause of Henriquez's injuries and the necessity of treatments provided to him. The trial court sustained Burton's objections to those questions and, outside of the jury's hearing, noted that "yesterday your co-counsel agreed for [Dr. Nguyen] to testify as a fact witness only and not as an expert." The trial court told Henriquez's counsel that, if Henriquez now sought to offer Dr. Nguyen as an expert witness, Henriquez needed to offer him as such and obtain a ruling from the court. Henriquez's counsel then offered Dr. Nguyen as an expert and the trial court denied the request.

Outside the jury's presence, Henriquez's counsel then sought to make an offer of proof regarding Dr. Nguyen's qualifications to testify on causation and the reasonableness and necessity of medical treatments received by Henriquez. Henriquez's counsel argued that Dr. Nguyen gave opinions on causation in his medical records and that those opinions were given to Burton on March 18, 2019. Burton's counsel argued in response that Dr. Nguyen was not timely designated as a testifying expert. When the trial court asked again whether Henriquez had made the disclosures regarding Dr. Nguyen required by the Texas Rules of Civil Procedure, Henriquez's counsel responded in part that, "while perhaps they were

8

deficient previously, the evidence is now on the record that he is qualified." The trial court responded: "[I]f you're just now putting on the record his mental impressions and what he relied on to form these expert opinions, explain how you believe this is not undue surprise." Henriquez counsel responded: "That a treating doctor would testify in their expert capacity to why we're here and why the injuries were caused today, I don't understand why defense counsel would think we wouldn't bring these doctors as experts when we provided reports in 18.001 affidavit form."

On the question of undue surprise, Henriquez's counsel argued further that:

- Burton had controverted the affidavits that Henriquez had submitted under section 18.001 of the Texas Civil Practice and Remedies Code.

- "As to his records and basis, those were all in the records previously produced in 2019."

- Burton "had these records for years that the treating doctor was going to come and testify as to causation."

- The fact that Dr. Nguyen was going to testify as an expert was "disclosed in the expert designations from what I'm understanding, those just weren't sufficient as to the opinions. But those opinions had been previously produced."

- Henriquez's treating physicians "were intended to be disclosed as experts" but, "as you ruled yesterday, they were deficient."

- The treating physicians were disclosed as treating physicians, not as experts.

- Henriquez's counsel believed his expert disclosures identified the treating physicians as non-retained experts.

9

- Whether Luke Carrabba was employed by the firm representing Burton was irrelevant if the email address associated with that name was an email address owned by the firm.

In that same exchange, Burton's counsel argued:

- Dr. Nguyen was timely identified as a fact witness, but never disclosed as a testifying expert.

- None of the attorneys representing Burton ever received Henriquez's expert designations.

- The screenshot showing Luke Carrabba's email address does not appear to have been contemporaneous with the alleged service of the expert designations.

- The certificate of service for the June 15, 2020 filing is undated and "doesn't say how it was served."

The trial court noted that it had not resolved the service dispute during the pretrial conference based on Henriquez's counsel's representation that Drs. Singleton and Nguyen would be testifying only as fact witnesses. The trial court concluded: "So I will allow you to do your . . . offer of proof at this point as to this expert since the Court has denied . . . this doctor to testify as an expert on causation because the Court has not found that opposing counsel was duly served with the 193 requisites that would include causation and a variety of other stuff we would have anticipated him to testify about . . . ." Henriquez's counsel then made an offer of proof.

At the close of Henriquez's evidence, Burton moved for a directed verdict on past medical expenses. In response, the trial court asked Henriquez's counsel to confirm that Henriquez was not asking for past medical expenses. Henriquez's counsel confirmed that Henriquez was seeking only pain and suffering.

In its verdict, the jury apportioned fault evenly between Henriquez and Burton and awarded Henriquez $2,750 for his past physical pain. Both sides' counsel moved the trial court to accept the verdict, and the trial court did so. The trial court's judgment thus awarded Henriquez $1,375 in damages (one-half of $2,750), post-judgment interest, and court costs. Both parties' counsel approved the judgment. Henriquez's subsequent motion for new trial, to which Burton responded, was overruled by operation of law.

This appeal followed. Henriquez argues on appeal that he timely designated multiple experts whom the trial court improperly barred from testifying, likely causing the rendition of an improper verdict.

## Applicable Law

### A.    Expert Disclosures

The trial court's docket control order required any party seeking affirmative relief to serve his expert witness designations by June 15, 2020, including the

11

information listed in what was then rule 194.2(f) of the Texas Rules of Civil Procedure.[2] The required information was:

> (1) the expert's name, address, and telephone number;
>
> (2) the subject matter on which the expert will testify;
>
> (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
>
> (4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party: (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and (B) the expert's current resume and bibliography.[3]

The docket control order provided further that any failure to timely respond to the expert designation requirements would be governed by rule 193.6, which at the time provided in pertinent part that:

> (a) **Exclusion of evidence and exceptions.** A party who fails to make, amend, or supplement a

---

[2] Specifically, the docket control order stated: "Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6. (a) 6/15/2020 Experts for parties seeking affirmative relief. (b) All other experts."

[3] *See* Order, Misc. Docket No. 20-9153 (Tex. Dec. 23, 2020) (detailing amendments to Texas Rules of Civil Procedure applicable to cases filed on or after January 1, 2021). Because Henriquez filed suit in 2019, the pre-amendment version of rule 194.2 shown in the Texas Supreme Court's order applies to this case.

discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that: (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

(b) **Burden of establishing exception.** The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record.[4]

The exclusion of evidence under rule 193.6 is a matter of admissibility rather than a sanction for discovery abuse. *Hale v. Hale*, No. 02-23-00234-CV, 2024 WL 4510195, at \*2 (Tex. App.—Fort Worth Oct. 17, 2024, pet. denied) (mem. op.); *Amudo v. Amudo*, No. 01-17-00318-CV, 2018 WL 3059729, at \*5 (Tex. App.—Houston [1st Dist.] June 21, 2018, no pet.) (mem. op.); *In re T.K.D-H.*, 439 S.W.3d 473, 479 (Tex. App.—San Antonio 2014, no pet.).

## B. Standard of Review

A court of appeals reviews a trial court's decision to admit or exclude evidence under rule 193.6(a) for an abuse of discretion. *Jackson v. Takara*, 675

---

[4]  *See* Order, Misc. Docket No. 20-9153 (Tex. Dec. 23, 2020) (detailing amendments to Texas Rules of Civil Procedure applicable to cases filed on or after January 1, 2021). Because Henriquez filed suit in 2019, the pre-amendment version of rule 193.6 shown in the Texas Supreme Court's order applies to this case.

13

S.W.3d 1, 6 (Tex. 2023) (citing *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005) ("We review a trial court's decision to admit or exclude evidence for an abuse of discretion.")). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *In re C.J.S.*, 702 S.W.3d 573, 610 (Tex. App.— Houston [1st Dist.] 2024, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)). A trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision. *Id.* (citing *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding)).

## Analysis

### A.      Only Dr. Nguyen was barred from giving expert testimony at trial.

Henriquez asserts that, "[d]uring the pre-trial conference that took place the day before trial, the trial court ruled that Henriquez's non-retained chiropractic experts could only testify as 'fact witnesses,' prohibiting them from giving expert testimony because of a purported failure to timely disclose their mental impressions." The record does not support Henriquez's assertion. Indeed, based on Henriquez's counsel's representation at the pretrial conference that Drs. Singleton and Nguyen would be testifying solely as fact witnesses, Burton's counsel withdrew Burton's objection to Henriquez's witness list. At trial, Henriquez offered only Dr. Nguyen as an expert witness, and the trial court's ruling that Dr. Nguyen could not testify as an expert was specific to Dr. Nguyen.

14

**B.** **The trial court did not err in prohibiting Dr. Nguyen from giving expert testimony.**

In ruling at trial that Dr. Nguyen could not testify as an expert "because the Court has not found that opposing counsel was duly served with the 193 requisites," the trial court did not act without reference to any guiding rules or principles. *See In re C.J.S.*, 702 S.W.3d at 610 (trial court abuses its discretion in excluding evidence if it acts without reference to any guiding rules or principles). The trial court's docket control order required Henriquez to provide to Burton by June 15, 2020 the information listed in what was then rule 194.2(f) of the Texas Rules of Civil Procedure, and stated that any failure to timely respond to the expert designation requirements would be governed by what was then rule 193.6. At the time, rule 193.6 stated that a party could not offer the testimony of a witness who was not timely disclosed absent a showing that "(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties." *See supra* note 4.

Henriquez made no showing that he had good cause for not timely designating Dr. Nguyen as an expert witness, arguing only that he had timely designated Dr. Nguyen and that permitting Dr. Nguyen to testify as an expert would not be an unfair surprise to Benton. Henriquez argues that the certificate of service attached to his June 15, 2020 filing created a presumption of service, and

15

that Burton provided the trial court with "no evidence whatsoever in support of his counsel's spurious contention that the disclosures were not received." However, under rule 21a(e), a certificate of service "showing service of a notice shall be prima facie evidence of the *fact* of service." TEX. R. CIV. P. 21a(e) (emphasis added). Further, even assuming that an undated certificate of service is prima facie evidence of service on the date of a filing, that presumption is rebuttable by evidence that the document was not received. *See id*. ("[n]othing herein shall preclude any party from offering proof that the document was not received").

Here, Burton's counsel represented to the trial court that the attorneys representing Burton did not receive a copy of Henriquez's June 15, 2020 filing prior to the pretrial conference. Henriquez's complaint that Burton's counsel's oral representations were "no evidence whatsoever" of non-service is incorrect. *See Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (oral representations by parties' counsel regarding whether party had received notice of trial were evidence even though not made under oath because "oath requirement was waived when neither raised any objection in circumstances that clearly indicated each was tendering evidence on the record based on personal knowledge on the sole contested issue"). The trial court thus heard conflicting evidence as to whether Henriquez served his June 15, 2020 filing on Burton and we cannot say that the trial court abused its discretion by basing its decision on Burton's evidence rather

than Henriquez's. *See In re C.J.S.*, 702 S.W.3d at 610 (trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision).

Finally, Henriquez's assertion that the trial court's ruling that Dr. Nguyen could not testify as an expert was based on the trial court's improperly applying rules applicable only to retained experts is not persuasive. First, Henriquez's June 15, 2020 filing does not identify witnesses as retained or non-retained experts. Second, the trial court referenced at trial its understanding that Henriquez's counsel had stated in the pretrial conference that Henriquez had not disclosed for those experts listed in his June 15, 2020 filing the experts' mental impressions and the materials on which the experts had relied in forming their opinions. However, the trial court mentioned the fact only as a possible alternative basis for its ruling, asking Henriquez's counsel: "In addition to that, even if they were disclosed, I don't think you have the 193 as required or do you because you stated yesterday you didn't have the 193 requisites." After Henriquez's counsel responded that the required information was in the June 15, 2020 filing, the trial court ruled that "the Court has not found that opposing counsel was duly *served* with the 193 requisites that would include causation and a variety of other stuff we would have anticipated him to testify about." (Emphasis added.)

17

We thus conclude that the trial court did not abuse its discretion in prohibiting Dr. Nguyen from giving expert opinion testimony at trial. *See Siana Oil & Gas Co. LLC v. White Oak Operating Co., LLC*, No. 01-21-00721-CV, 2022 WL 17981572, at *7-9 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, no pet.) (affirming trial court ruling striking expert declarations in support of summary judgment response under rule 193.6 because experts were not designated prior to deadline in docket control order); *McRay v. Dow Golub Remels & Gilbreath PLLC*, No. 01-21-00032-CV, 2022 WL 17981671, at *6 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. denied) (affirming trial court's exclusion of expert under rule 193.6 because expert was not timely designated).

## Conclusion

Because the trial court's ruling prohibiting Dr. Nguyen from giving expert opinion testimony as part of his trial testimony was not an abuse of discretion, we affirm the trial court's judgment.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.

18