# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00323-CV

---

**Sarah Harrison White, Appellant**

**v.**

**Daniel Brian White, Appellee**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-007689, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

---

## MEMORANDUM OPINION

Appellant Sarah Harrison White appeals the trial court's final order in a child-support enforcement action against her ex-husband, Daniel Brian White. *See* Tex. Fam. Code §§ 157.001-.426 (enforcement proceedings). In two issues, Sarah challenges the portion of the order denying her requests for child-support arrearages and for reasonable attorney's fees. Because the undisputed evidence conclusively establishes that Daniel was in arrears on his child-support payments, we conclude that the trial court abused its discretion in denying Sarah's requests. We reverse and remand to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

Sarah and Daniel married in 2011 and divorced in 2019. The couple have two children, who were five years old and two years old at the time of the divorce. The divorce

decree appointed Sarah and Daniel as joint managing conservators and awarded Sarah the right to designate the primary residence of the children. The decree also requires that Sarah "maintain health and dental insurance for each child" and that Sarah and Daniel each pay fifty percent of the children's healthcare expenses not reimbursed by insurance. Finally, the decree ordered Daniel to make monthly child-support payments to Sarah through the Texas Child Support Disbursement Unit of the Office of the Attorney General. Specifically, the decree requires Daniel to pay child support in the amount of $1,122 per month and medical child support, as reimbursement for the children's health and dental insurance premiums, in the amount of $451.22 per month.

On September 22, 2020, Sarah filed a motion for enforcement of child support, seeking to recover $1,573.22 in unpaid child support ($1,122 for child support and $451.22 for medical child support) and $311.21 in unreimbursed medical expenses.[1] *See id.* § 157.263 ("Confirmation of Arrearages"). In addition, Sarah requested reasonable attorney's fees and court costs. *See id.* § 157.167(a) (authorizing award of "attorney's fees and all court costs in addition to the arrearages"). Following a hearing on February 26, 2021, the trial court signed a final order directing Daniel to pay $155.83 in unreimbursed medical expenses but denying all other requested relief. As for Sarah's claim for child-support arrearages, the trial court found that "the amount of child support and medical support arrearages of [Daniel] as of February 26, 2021 are zero ($0) dollars."

---

[1] Sarah also filed a motion to enforce the final divorce decree, claiming that Daniel failed to comply with requirements in the decree other than child-support payment requirements. The trial court denied all relief on Sarah's motion to enforce the final divorce decree, and she has not appealed that ruling.

In two issues on appeal, Sarah challenges the trial court's denial of her request to confirm and reduce to judgment Daniel's child-support arrearages and to award her reasonable attorney's fees.

## STANDARD OF REVIEW

We review a trial court's decisions regarding child support, including confirmation of child-support arrearages, for an abuse of discretion. *Freeze v. Ramirez*, No. 04-18-00213-CV, 2019 Tex. App. LEXIS 3699, at *4 (Tex. App.—San Antonio May 8, 2019, no pet.) (mem. op.); *see also Lee v. Kaufman*, No. 03-10-00148-CV, 2011 Tex. App. LEXIS 6969, at *3 (Tex. App.—Austin Aug. 26, 2011, no pet.) (mem. op.) (applying abuse-of-discretion standard of review of order on motion to enforce child support). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or when it fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Under this standard, legal and factual sufficiency are relevant factors in determining whether the trial court abused its discretion, but they are not independent grounds of error. *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied); *see Miller v. Miller*, No. 03-14-00603-CV, 2015 Tex. App. LEXIS 11319, at *7 (Tex. App.—Austin Nov. 4, 2015, no pet.) (mem. op.). Consequently, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion and (2) whether the trial court erred in its application of that discretion. *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.). The focus of the first inquiry is the sufficiency of the evidence, which we apply using traditional sufficiency standards. *Zeifman*,

212 S.W.3d at 588. Under the second inquiry, we decide whether the trial court made a reasonable decision based on the evidence before it. *Id.*

When an appellant challenges the legal sufficiency of an adverse finding on which she bore the burden of proof at trial, she must demonstrate that the evidence conclusively establishes all vital facts in her favor as a matter of law. *In re T.K.D-H.*, 439 S.W.3d 473, 481 (Tex. App.—San Antonio 2014, no pet.) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241-42 (Tex. 2001)). To determine if an appellant has met this burden, we first examine the record for evidence in support of the finding. *Id.* (citing *Hunter v. PriceKubecka, PLLC*, 339 S.W.3d 795, 807 (Tex. App.—Dallas 2011, no pet.)). If there is no supporting evidence, we then look to the record in full to determine if the contrary is established as a matter of law. *Id.* We consider the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it, crediting favorable evidence so long as a reasonable fact-finder could and disregarding evidence to the contrary unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

In cases where an appellant challenges the factual sufficiency of the evidence supporting an adverse finding on which she bore the burden of proof at trial, she must demonstrate that the finding is against the great weight and preponderance of the evidence. *In re T.K.D-H.*, 439 S.W.3d at 482 (citing *Dow Chem.*, 46 S.W.3d at 242). Evidence is factually insufficient to support a finding only if the evidence adverse to the finding at issue preponderates so overwhelmingly against the challenged finding that it is clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). When the evidence conflicts, we must presume that the fact-finder resolved any inconsistencies in favor of the order if a reasonable person could do so. *City of Keller*, 168 S.W.3d at 821.

4

**ANALYSIS**

*Child-support arrearage*

In her first issue, Sarah challenges the trial court's denial of her request to confirm a child-support arrearage in the amount of $1,573.22.

Under Section 157.23, the trial court's duty to confirm an arrearage arises only after the movant has first met the burden of proving not just the existence of a child-support obligation, but of an arrearage. Tex. Fam. Code § 157.263(a). An arrearage in the context of a child-support enforcement action occurs when an obligor has failed to satisfy his child-support obligation. *Ochsner v. Ochsner*, 517 S.W.3d 717, 720 (Tex. 2016). "In calculating child-support arrearages, the trial court's discretion is very limited." *Chenault v. Banks*, 296 S.W.3d 186, 189 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The trial court has no discretion to forgive or decrease a past child-support obligation, *In re A.L.S.*, 338 S.W.3d 59, 65-66 (Tex. App.—Houston [14th Dist.] 2011, pet. denied), and its calculation of child-support arrearages must be based on the evidence of payment; not on an assessment of what is fair or reasonable, *In re A.C.B.*, 302 S.W.3d 560, 566 (Tex. App.—Amarillo 2009, no pet.). To prevail on her motion to enforce, Sarah was required to prove the difference between payments made by Daniel and the payments required by the terms of the child-support provision in the divorce decree. *See Kaufman*, 2011 Tex. App. LEXIS 6969, at *7; *see also In re T.S.P.*, No. 04-14-00547-CV, 2015 Tex. App. LEXIS 8930, at *10 (Tex. App.—San Antonio Aug. 26. 2015, no pet.) (mem. op.) (noting that plaintiff has burden of proof in showing difference in dollar amount between child-support payments made and payments required by terms of order).

On appeal, Sarah argues that the trial court abused its discretion because, in her view, there was insufficient evidence to support its finding that "as of February 26, 2021,"

5

Daniel was not in arrears on his child-support obligation. Specifically, Sarah contends that the undisputed evidence "demonstrated that [Daniel] failed to make his child-support payments in April 2020." In response, Daniel posits that his testimony at the hearing supports the trial court's finding of zero arrearages because it shows that he made his April child-support payment of $1,122 and medical-support payment of $451.22 on April 30, 2020.

At the hearing, the trial court heard testimony from two witnesses, Sarah and Daniel. Sarah testified that Daniel made his child-support payments timely and consistently through March 2020, but that after March, she did not receive another payment until May 2020. In addition, the trial court admitted as an exhibit a child-support-payment record from the Office of the Attorney General, dated February 23, 2021. The payment record reflects child-support payments made by Daniel since May 2019 and shows that he made a payment on March 2, 2020, and then did not make another payment until May 1, 2020. Further, the payment record establishes that in the eleven-month period between April 2020 and February 2021, Daniel made a total of ten payments for both child support and medical child support.

In his testimony, Daniel told the trial court that April 2020 was "the first big month where COVID was affecting [his] income" and that, consequently, he waited until the end of the month to make his April 2020 child-support payment, while before April he had been paying at the beginning of the month. He further testified that, although he made the April 2020 child-support payment to the Attorney General's Office on April 30, the payment was not withdrawn from his bank until May 1 and then disbursed to Sarah on May 6. Daniel acknowledged, "[e]verything [was] backlogged" as to his monthly child-support payments beginning in April 2020, and so he continued to make his subsequent payments at the end of each month. In other words, according to Daniel's testimony, the May 1, 2020 payment was for

6

April 2020, the June 8, 2020 payment was for May, the July 2, 2020 payment was for June, and so on. Nevertheless, Daniel testified that he believed he had made every payment, even if late.

The final divorce decree—signed and agreed upon by both parties—states:

> "IT IS ORDERED AND DECREED that DANIEL BRIAN WHITE is obligated to pay and shall pay to SARAH WHITE child support for two children . . . the first payment being due and payable on May 1, 2019, and a like payment being *due and payable on the first of each month thereafter* . . . ."

(Emphasis added.) Under this provision, Daniel was obligated to make eleven child-support payments between April 1, 2020, and February 26, 2021, the day of the final hearing. The evidence presented at the final hearing established that as of February 23, 2021, Daniel had made only ten payments, and no evidence was presented suggesting that Daniel had made any additional payment between February 23 and February 26. Therefore, even assuming that the April 2020 payment was paid late, as Daniel contends, the undisputed evidence conclusively establishes that at the time of final hearing, he was in arrears on his child-support obligation, in the amount of $1,122, and on his medical-support obligation, in the amount of $451.22. Consequently, the evidence is legally insufficient to support the trial court's finding that "the amount of child support and medical support arrearages of [Daniel] as of February 26, 2021 are zero ($0) dollars." The trial court abused its discretion in denying Sarah's request to confirm Daniel's child-support arrearage. We sustain Sarah's first issue on appeal.

*Attorney's Fees*

In her second issue, Sarah contends that the trial court abused its discretion by not awarding her reasonable attorney's fees. Under Section 157.167, a movant is entitled to reasonable attorney's fees and court costs in an enforcement action when "the court finds that

the respondent has failed to make child support payments." Tex. Fam. Code § 157.167(a). A trial court may waive the requirement for good cause so long as the court states the reasons supporting that finding. *See id.* § 157.167(c); *Russell v. Russell*, 478 S.W.3d 36, 46 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Absent a finding of good cause, the award of attorney's fees and costs under Section 157.167 is mandatory. *Bruce v. Bruce*, No. 03-16-00581-CV, 2017 Tex. App. LEXIS 4834, at *8 (Tex. App.—Austin May 26, 2017, no pet.) (mem. op.).

In this case, we have concluded that the evidence establishes, as a matter of law, that Daniel failed to make all of his required child-support payments. In addition, the trial court determined that Daniel owed, and ordered him to pay, $155.83 in unreimbursed medical expenses; Daniel has not challenged that decision by cross-appeal. *See* Tex. Fam. Code § 154.183(c) (providing that medical support, including payment of healthcare expenses not reimbursed by insurance, is child support); *Jones v. Jones*, No. 03-18-00281-CV, 2019 Tex. App. LEXIS 4630, at *8 (Tex. App.—Austin June 6, 2019, no pet.) (mem. op.) ("[M]edical support is an additional child-support obligation that may be enforced by any means available for the enforcement of child support."); *McFadden v. Deedler*, No. 03-13-00486-CV, 2014 Tex. App. LEXIS 9527, at *4 (Tex. App.—Austin Aug. 27, 2014, no pet.) (mem. op.) (confirming award of attorney's fees based on unpaid medical support). The trial court did not find that good cause existed to deny an award of attorney's fees and court costs.

Under these circumstances, the award of reasonable attorney's fees is mandatory. Accordingly, we conclude that the trial court abused its discretion in failing to award attorney's fees to Sarah, and we sustain her second issue on appeal. We therefore reverse the judgment to the extent it denies Sarah an award of attorney's fees and remand the cause to the trial court to (1) determine and award Sarah's reasonable attorney's fees or (2) find that good cause exists to

8

deny an award of attorney's fees and state any reasons supporting that finding. *See* Tex. Fam. Code § 157.167(c); *Russell*, 478 S.W.3d at 45.

## CONCLUSION

We reverse the portion of the trial court's final order denying Sarah relief on her claims for child-support arrearages and for attorney's fees. We render judgment confirming that the arrearage is $1,573.22, and remand the case to the trial court to calculate the proper amount of prejudgment interest due on the child-support arrearages, *see* Tex. Fam. Code §§ 157.263(b), .265, and to consider Sarah's claim for attorney's fees, consistent with this opinion, *see id.* § 157.167.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Reversed and Rendered in Part; Reversed and Remanded in Part

Filed: July 8, 2022